## Philadelphia to use, Appellant *v.* Neill.

*Principal and surety—Bond—Public contract.*

Where a contractor with a city for the grading and paving of streets gives a bond that he will pay for all labor and materials furnished to him in connection with the contract, and subsequently finding himself unable to perform the work assigns the contract to another person who agrees to complete it, and to pay to the contractor one-half of the profits resulting therefrom, the assignee cannot maintain an action against the surety on the bond for labor and materials furnished by him. In such a case the bond was not given to indemnify the contractor against his own default, but this in effect is the use which the assignee would make of it, if he were permitted to maintain a suit thereon.

Argued Jan. 9, 1912. Appeal, No. 239, Jan. T., 1911, by plaintiff from order of C. P. No. 2, Phila. Co., Sept. T., 1901, No. 552, refusing to take off non-suit in case of City of Philadelphia, to the use of John K. Dagney, Administrator de bonis non cum testamento annexo of the Estate of John Dagney, deceased v. A. M. Neill and Samuel M. Hyneman, Receiver of the Lincoln Savings & Trust Company. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a bond. Before WILTBANK, J.
The opinion of the Supreme Court states the case.

*Error assigned* was order refusing to take off non-suit.

*W. W. Smithers,* with him *Edgar W. Lank,* for appellant, cited: Philadelphia v. Stewart, 201 Pa. 526; Philadelphia v. Wiggins, 227 Pa. 343; Bowditch v. Gourley, 24 Pa. Super. Ct. 342; Philadelphia v. Nichols, 214 Pa. 265; Howes v. Scott, 224 Pa. 7; Sentinel Printing Co. v. Long, 28 Pa. Super. Ct. 608; Catanzaro v. R. R. Co., 230 Pa. 305.

*Charles H. Edmunds* and *M. J. O'Callaghan,* for appellee, cited: Philadelphia v. McLinden, 205 Pa. 172; Philadelphia v. Malone, 214 Pa. 90.

PER CURIAM, February 19, 1912:

A. M. Neill entered into a written contract with the city of Philadelphia for the grading and paving of certain streets, and executed and delivered to it a bond with the Lincoln Savings and Trust Company as surety thereon, the condition of which was that he would pay for all labor and materials furnished to him in connection with the performance of his contract. Finding himself unable to perform it, Neill, on August 10, 1910, assigned it to John Dagney, who, in consideration of its assignment to him, undertook to perform it and to pay to Neill one-half of all profits that might accrue from it. Dagney furnished labor and materials to the amount of $3,380, and this action has been brought by his administrator to recover that sum on Neill's bond. Neill's assignment to Dagney of his contract with the city was, as the learned trial judge correctly held, "upon terms of quasi partnership." The bond was not given to indemnify the contractor against his own default, but this, in effect, is the use which the appellant would make of it.

Judgment affirmed.